Robert N. GOOCH and Thomas J. Hobson, d/b/a Gooch and Hobson, Oil Producers, Appellants,

v.

DOWELL, INC., Appellee.

No. 87–CA–261–MR.

Court of Appeals of Kentucky.

Jan. 8, 1988.

R. Allen Wilson, Wilson, Johnson & Presser, Owensboro, for appellants.

John H. Helmers, Holbrook, Wible, Sullivan & Helmers, Owensboro, for appellee.

Before HOWERTON, C.J., and COMBS and McDONALD, JJ.

COMBS, Judge.

This is an appeal from the Daviess Circuit Court involving a suit that arose from the alleged improper cementing of appellants' oil well.

Appellants, Robert N. Gooch and Thomas J. Hobson d/b/a Gooch and Hobson, Oil Producers, drilled an oil well near Yelvington in Daviess County. Appellants then entered into an agreement with the appellee to place cement in the well around the pipe that had been inserted into the hole, in order to allow oil to flow to the surface. No oil was forthcoming, and appellants believed it was because appellee had improperly cemented the well.

Appellants brought suit alleging that they were damaged by the negligence of appellee and its breach of contract. Appellee answered and filed two motions for summary judgment. The trial court cautiously overruled these two motions, waiting for more proof to be taken. Two weeks before trial, and following the deposition of appellant Hobson, appellee renewed its motion for summary judgment. That time the trial court granted the motion.

Appellants allege three errors by the trial court. They are: First, the trial court improperly concluded that the exclusion of warranties of merchantability, fitness, and negligence relied upon by appellee were "conspicuous" as printed on the service order/contract, as required by KRS 355.2–316(2); second, the trial court erred by granting summary judgment when there existed a genuine issue of material fact about appellants' actual notice of the printed exclusion of warranties; and third, the trial court's opinion and judgment is inconsistent.

■ The service order/contract is a single sheet printed on both sides. The front side is dominated by an itemized listing of the materials, equipment and services, and prices. There also appears a description of the location of where the work is to be done, and what sort of work is to be done. Also appearing on the front side is the following language:

I authorize work to begin per service instructions in accordance with terms and conditions printed on the reverse side of this form and represent that I have authority to accept and sign this order.

Immediately below this is a signature line calling for the signature of "CUSTOMER AUTHORIZED AGENT." Handwritten on this line is the signature of appellant Hobson. Hobson testified that the signature of his name is authentic, but that despite having had abundant opportunity he did not read the contract before signing it. He further testified that he was never told by anyone to read the contract, was never informed by anyone of its exclusions, and was never given any explanation of its meaning. Hobson had been in the oil business over twenty years, and during that time had signed many such contracts.

There appears on the back side of the work order/contract the contractual terms and conditions. The following exclusions are clearly stated in bold-face, entirely capitalized type, twice as large as the other type:

> DOWELL MAKES NO WARRANTY OF MERCHANTABILITY, OR THAT SUCH PRODUCTS SHALL BE FIT FOR ANY PARTICULAR PURPOSE, NOR IS THERE ANY OTHER WARRANTY EXPRESSED OR IMPLIED EXCEPT AS EXPRESSLY STATED HEREIN.
>
> . . . .
>
> NO WARRANTY IS GIVEN CONCERNING THE EFFECTIVENESS OF THE MATERIALS USED, RECOMMENDATIONS GIVEN, OR THE SERVICES RENDERED.

Appellants contend that the exclusions cannot be relied upon by the appellee because such language is required to be conspicuous. KRS 355.2–316(2).

Whether or not a term is conspicuous is determined by KRS 355.1–201(10) which provides:

> "Conspicuous": A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: NON-NEGOTIABLE BILL OF LADING) is conspicuous. Language in the body of a form is "conspicuous" if it is in larger or other contrasting type or color. . . .

Whether a term or clause is "conspicuous" or not is for decision by the court.

As we have already described, the manner in which the exclusions appear in the contract perfectly dovetail with the statutory definition of conspicuous.

Appellants contend that the trial court's summary judgment was erroneous because there existed a genuine issue of material fact as to whether appellants had actual notice of the exclusions. A person has actual notice of a fact when "from all the facts and circumstances known to him at the time in question he has reason to know it exists." KRS 355.1–201(25)(c). It bears to be reiterated that appellant Hobson, a man who had been in the oil business over twenty years, had the contract in his hands. What more notice of a fact one could have in addition to having the fact in one's own hands is difficult if not impossible to imagine. Manifestly, appellants' investment in ignorance that paid no dividends is a self-inflicted loss that should not be heaped upon the appellee.

Appellants' final argument is that the trial court's summary judgment is inconsistent in that it recognized the contract but failed to allow appellants to recover for replacement of the product or its cost, as provided by paragraph eight. Appellants never requested this, but sought only damages which were most properly denied.

The decision of the Daviess Circuit Court is hereby affirmed.

All concur.